**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Ramon Espinoza-Cardenas,<br><br>Defendant. | Case No. 14-cr-289(1) (SRN/BRT)<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

Allen A. Slaughter, Jr., United States Attorney's Office, 300 South 4th Street, Suite 600, Minneapolis, Minnesota 55415, for Plaintiff.

Ramon Espinoza-Cardenas, No. 18159041, Federal Prison Camp, P.O. Box 5000, Florence, CO 81226-5000, pro se.

SUSAN RICHARD NELSON, United States District Judge

This matter comes before the Court on Defendant Ramon Espinoza-Cardenas's Motion for Hardship Credit for Hard-Time Served [Doc. No. 609]. For the reasons set forth below, this Court denies Defendant's Motion.

**I.     Background**

On August 5, 2014, Defendant was arrested during a traffic stop. (PSR ¶ 29.) The stop led to the seizure of 10 pounds of methamphetamine from Defendant's car. (*Id.* ¶ 36, 38.) Defendant was first charged in Steele County, Minnesota, and was later charged federally by criminal complaint on September 4, 2014. (Compl. [Doc. No. 1].)

On September 8, 2014, Defendant appeared before the Court by writ of habeas corpus *ad prosequendum*. (Appl. for Writ of Habeas Corpus [Doc. No. 2]; Minute Entry

1

for Sept. 8, 2014 [Doc. No. 4].) Two days later, during the preliminary hearing, the Court found that there was probable cause. (Minute Entry for Sept. 12, 2014 [Doc. No. 6].) Defendant also waived his right to a detention hearing. (*Id.*) Defendant was held in federal custody pending the resolution of a Steele County hold, at which time, he was to be released to a half-way house at the direction of the U.S. Department of Probation and Pretrial Services. (*Id.*)

On September 11, Defendant was charged by Indictment. (Indictment [Doc. No. 10].) Then, on September 23, 2014, the Indictment was superseded to include additional defendants and allegations. (Superseding Indictment [Doc. No. 15].) Defendant was charged with conspiracy to distribute methamphetamine and marijuana in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846 (Count 1) and possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) (Count 16). (*Id.*)

Defendant was placed in a half-way house on September 26, 2014. (PSR ¶ 6.) On May 5, 2015, Defendant plead guilty to Count 1 of the Superseding Indictment. (Plea Agreement [Doc. No. 264].) Later that month, Defendant's conditions of release were modified to allow him to reside in Fresno, California pending sentencing. (PSR ¶ 6.)

On October 4, 2016, Defendant was sentenced to 30 months in custody. (Sentencing J. [Doc. No. 456].) The Court filed a written amended judgment memorializing his sentence on October 14, 2016. (Amended Sentencing J. [Doc. No. 482].) Defendant did not appeal his sentence.

On November 27, 2017, Defendant filed the instant Motion for Hardship Credit

for Hard-Time Served. In it, Defendant asks this Court to credit the sixty days that he estimated that he served at the Owatonna Steele County Detention Facility towards his total "hard time" sentence and also requests that the Court "grant two days credit for one day served." (Def.'s Mot. at 1.)

## II. Discussion

According to 18 U.S.C. § 3621(a), "[a] person who has been sentenced to a term of imprisonment . . . shall be committed to the custody of the [Bureau of Prisons ("BOP")] until the expiration of the term imposed, or until earlier released for satisfactory behavior." Neither the Federal Rules nor the United States Code gives a court the authority to modify a defendant's sentence once that defendant has been committed to the custody of the BOP. Specifically, "[a] judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (quoting 18 U.S.C. § 3582(b)) (quotation marks and brackets omitted).

After a defendant is sentenced, it is the BOP, not the district court, that determines the credit for time served. *United States v. Pardue*, 363 F.3d 695, 699 (8th Cir. 2004) (citing *United States v. Iversen*, 90 F.3d 1340, 1344–45 (8th Cir. 1996)). And if a defendant feels that the BOP has improperly calculated this figure, administrative procedures exist within the BOP to review claims for failure to credit time served. 28 C.F.R. §§ 542.10–542.16.

This Court lacks jurisdiction to hear Defendant's motion. Defendant was sentenced to a term of imprisonment by this Court of 30 months and the Court issued a

3

final judgment. (Sentencing J. [Doc. No. 456].) And, because Defendant has not cited any exceptional circumstances in this case, his sentence cannot be modified by this Court.

Moreover, "[a]lthough pro se pleadings are to be construed liberally, pro se litigants are not excused from failing to comply with substantive and procedural law." *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). In order for a defendant to challenge the BOP's execution of his sentence, he must bring a 28 U.S.C. § 2241 petition for writ of habeas corpus. *Flores-Flores v. United States*, No. CIV. 05-140 (RHK), 2005 WL 2000174, at *2 (D. Minn. Aug. 19, 2005). However, under § 2241, a habeas corpus action must be brought in the district court where the petitioner is currently confined. *Id.*

Even if this Court were to construe Defendant's filing as a petition for a writ of habeas corpus under § 2241, this Court does not have jurisdiction to hear such a claim. Because Defendant is currently confined to the federal prison camp in Florence, Colorado, proper venue for such a § 2241 petition would be the District of Colorado. (Def.'s Mot., Attach. 1.)

## III. Conclusion

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Espinoza-Cardenas's Motion for Hardship Credit for Hard-Time Served [Doc. No. 609] is **DENIED**.

Dated: March 13, 2018                                  s/ Susan Richard Nelson
                                                      SUSAN RICHARD NELSON
                                                      United States District Judge